The Same *against* The Same.

IN this cause, after the Petit Jurors were impanelled for the trial of the issue in bar, it was discovered that *Elias Post*, the foreman, had recognised as surety for the plaintiff for costs of prosecution.

It is good cause of challenge to a Petit Juror, that he has been recognised for costs of prosecution in the suit, though he has been discharged from his recognisance. And although such Juror may have remained on the panel by consent of parties, yet this shall not conclude the party from challenging him for this cause, upon the impanelling another Jury to try the same issue.

Phelps
v.
Hall.

By consent of the parties he was discharged from the recognisance, and fresh bail entered, and he was suffered to remain on the Jury; but it happened that the Jury were discharged without returning a verdict, a delay being granted. Upon the impanelling the Jury a second time at the same term, for the trial of the same issue, the defendant challenged the foreman for favour.

Two questions were now submitted:

First. Whether it is good cause for challenge to a Petit Juror in a civil action, that he has been recognised as surety for costs of prosecution, though discharged from his bond.

Secondly. Whether, when such Juror has been impanelled by *consent* of parties, and the Jury are discharged of the cause, such consent takes away the right of challenge to the Juror when called to be impanelled on another trial of the same issue, at the same term?

### Opinion of the Court.

*Curia.* The Court consider that there is a wide distinction between the interest which will disqualify a Juror and a witness. It is no disqualification in a witness, that he has a partiality for a party. Witnesses are often admitted to testify *ex necessitate rei,* and are often discharged of a direct interest by act of the party in open Court; and when admitted, the credit which shall be given to their testimony is weighed by the Jury, who make due allowance for all such partialities as are not sufficient to render them incompetent to testify. But no occasion can occur to render it necessary for one Juror to set on the panel in preference to another, and a Juror hav-

ing once had a direct interest in the event of a suit, cannot be so far purged of the bias in his mind resulting from it by a discharge of his interest as to be qualified to set on the Jury. Such pre-existing interest is a good cause of challenge; for the triers should be purged from all possible interest and partiality. But a question might arise, whether, if no challenge was made, this exception could prevail on motion in arrest of judgment.

*Phelps*
*v.*
*Hall.*

As to the second point, the Court are clear, under the decision of *Pearl* v. *Allen*, that concessions made by parties during trial, and not attached to the record, cannot bind at any future trial.

Vide vol. 1. p. 4.

The challenge prevailed.

*Daniel Chipman* and *Samuel Prentice*, for the plaintiff.

*Cephas Smith*, junior, and *Darius Chipman*, for defendant.

